IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:21-CR-500-B |
| | § | |
| RAYMOND GROSS (02) | § | |

## ELEMENTS AND PUNISHMENT OF THE OFFENSE AND FACTUAL RESUME

In support of the Defendant's plea of guilty to the single Count in the Indictment charging

a violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(E), Raymond Gross and his attorney, Paul

Lund, stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

The essential elements which must be proved beyond a reasonable doubt in order to

establish the offenses charged in Count One of the Superseding Information are as follows:

First:      That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute a controlled substance, as charged in the indictment;

Second:   That the defendant knew of the unlawful purpose of the agreement;

Third:     That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

Fourth:    That the overall scope of the conspiracy involved a mixture or substance containing a detectable amount of promethazine with codeine, a Schedule V controlled substance.

### PUNISHMENT FOR THE OFFENSE

The maximum penalties a sentencing court can impose for the offense of conviction include the following:

1. Imprisonment for a period not to exceed one year;

2. A fine not exceed $100,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

3. A term of supervised release of at least two years and up to life, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

4. A mandatory special assessment of $100.00;

5. Restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

6. Costs of incarceration and supervision; and

7. Forfeiture of property

## SENTENCING IN THIS CASE

Gross has discussed the Guidelines with the undersigned attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor § 3553(a) are binding and the district court, in its discretion, may sentence Gross to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set forth in… [3553](a)(2)[.]" Gross understands that if the district court imposes a sentence greater than Gross expects, Gross will not be able to withdraw the plea of "guilty" based solely upon that higher sentence so long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences Gross to a term of imprisonment, Gross understands that Gross will not be released on parole.

**Elements and Punishments of the Offense and Factual Resume – Page 2**

Gross further understands that the charged offense is a felony and that a conviction for the charged offense will deprive Gross of important constitutional and civil rights, which include, inter alia, the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.[1]

### CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Gross understands that Gross has the following constitutional rights:

1. The right to plead not guilty to the charged offense;

2. The right to have a speedy trial by a jury in this District;

3. The right to have his guilty proven beyond a reasonable doubt;

4. The right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his own defense; and

5. The right against compelled self-incrimination.

Gross waives the afore mentioned rights and plead guilty to the offense alleged in Count One of the Superseding Indictment charging a violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C), that is, Conspiracy to Distribute a Controlled Substance. Gross understands the nature and the elements of the offense for which Gross is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

### STIPULATED FACTS[2]

Beginning in or about January 2020, Gross, other co-defendants in this case and un-indicted individuals engaged in a criminal conspiracy to distribute promethazine with codeine, a Schedule V controlled substance. An unindicted doctor would issue false and fraudulent prescriptions for

---

[1] Gross is a citizen of the United States of America and this conviction will not impact his citizenship status.
[2] Gross understands that the district court is not limited to considering only these stipulated facts, but may consider facts to which Gross did not stipulate.

**Elements and Punishments of the Offense and Factual Resume – Page 3**

Beginning in or about January 2020, Gross, other co-defendants in this case and un-indicted individuals engaged in a criminal conspiracy to distribute promethazine with codeine, a Schedule V controlled substance. An unindicted doctor would issue false and fraudulent prescriptions for promethazine with codeine to Gross and others. Gross and others would then fill the prescriptions at pharmacies, including pharmacies in the Northern District of Texas. In this manner, Gross conspired with others to distribute a mixture of substance containing a detectable amount of promethazine with codeine.

## VOLUNTARINESS OF THE PLEA OF GUILTY

Gross has thoroughly reviewed Gross' constitutional rights, the facts in this case, the elements of the offense of conviction, the statutory penalties, and the Sentencing Guidelines[1] and 18 U.S.C. § 3553(a) with Gross' attorney. Gross has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and Gross is satisfied with the legal representation received in this case. Gross concedes guilt to Count One of the Indictment, and concludes that it is in Gross' best interests to plead guilty.

AGREED TO AND SIGNED on this ___31st___ day of March __, 2022.

_____
RAYMOND GROSS
Defendant

_____
PAUL T. LUND
Attorney for Defendant

---

[1] Though undersigned counsel and Gross have discussed how the applicable chapters of the Sentencing Guidelines may apply to Gross, and undersigned counsel and Gross have discussed the potential guideline range in this case, Gross understands that the conversations were about potential punishments and not a guarantee of what the punishment will be. Gross understands that only the district judge in this case will make the decision as to what the punishment will be in this case, and that the decision will only be made at the sentencing hearing after the district judge has heard all of the evidence and arguments in this case.

**Elements and Punishments of the Offense and Factual Resume – Page 4**